UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


RICHARD PALMER,

      Plaintiff,

v.                                        Case No. 8:19-cv-2837-T-CPT

ANDREW M. SAUL,
Commissioner of Social Security,

      Defendant.
_____/


**O R D E R**

The Plaintiff seeks judicial review of the Commissioner's denial of his claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI).  For the reasons discussed below, the Commissioner's decision is affirmed.

I.

The Plaintiff was born in 1976, has a high school education, and has past relevant work experience as an industrial cleaner, a warehouse laborer, and an industrial truck/forklift operator. (R. 41, 55).  In December 2016, the Plaintiff applied for DIB and SSI alleging disability as of November 14, 2016, due to arrhythmia, hypertension, obesity, depression, anxiety, deteriorated discs, pectic ulcers, high cholesterol, panic attacks, memory loss, as well as an injury to his legs, head, and back.

(R. 71–72, 223–24).  The Social Security Administration (SSA) denied the Plaintiff's applications both initially and on reconsideration.  (R. 141–58).

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter on October 9, 2018.  (R. 51–70).  The Plaintiff was represented by counsel at that hearing and testified on his own behalf.  *Id.*  A vocational expert (VE) also testified.  *Id.*

On December 5, 2018, the ALJ found that the Plaintiff: (1) met the insured status requirements through December 31, 2021, and had not engaged in any substantial gainful activity since his alleged onset date of November 14, 2016; (2) had the severe impairments of obesity and degenerative disc disease of the lumbar region with spinal stenosis and sacroiliitis; (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments; (4) had the residual functional capacity (RFC) to perform a limited range of sedentary work;[1] and (5) based on the VE's testimony, could not engage in his past relevant work but was capable of making a successful adjustment to other jobs that exist in significant numbers in the national economy.  (R. 31–43).  Based on these findings, the ALJ concluded that the Plaintiff was not disabled.  *Id.*

---

[1] In particular, the ALJ found that the Plaintiff could lift and carry ten pounds occasionally; could stand and/or walk for approximately two hours in an eight-hour workday; could sit for approximately six hours in an eight-hour workday with normal breaks; and could occasionally perform all of the postural activities.  (R. 37).  The ALJ also determined that the Plaintiff must avoid concentrated exposure to excessive wetness and hazards, and was limited to jobs that can be performed while using a handheld assistive device for prolonged ambulation.  *Id.*

The Appeals Council denied the Plaintiff's request for review. (R. 3–9).
Accordingly, the ALJ's decision became the final decision of the Commissioner.

II.

The Social Security Act (the Act) defines disability as the "inability to engage
in any substantial gainful activity by reason of any medically determinable physical or
mental impairment . . . which has lasted or can be expected to last for a continuous
period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also*
20 C.F.R. §§ 404.1505(a), 416.905(a).[2] A physical or mental impairment under the
Act "results from anatomical, physiological, or psychological abnormalities which are
demonstrable by medically acceptable clinical and laboratory diagnostic techniques."
42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To determine whether a claimant is disabled, the Social Security Regulations
(Regulations) prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r
of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (per curiam) (citing 20 C.F.R. §
404.1520(a)(4)); *see also* 20 C.F.R. § 416.920(a)(4).[3] Under this process, an ALJ must
assess whether the claimant: (1) is performing substantial gainful activity; (2) has a
severe impairment; (3) has a severe impairment that meets or equals an impairment
specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the RFC to

---

[2] Unless otherwise indicated, citations to the Code of Federal Regulations are to the version in effect
at the time of the ALJ's decision.

[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority.
11th Cir. R. 36-2.

engage in his past relevant work; and (5) can perform other jobs in the national economy given his RFC, age, education, and work experience. *Id.* (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). While the claimant has the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five. *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1279 (11th Cir. 2020) (quoting *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)); *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (per curiam) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove he cannot engage in the work identified by the Commissioner. *Goode*, 966 F.3d at 1279. In the end, "the overall burden of demonstrating the existence of a disability . . . rests with the claimant." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided the Commissioner has issued a final decision on the matter after a hearing. 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence. *Id.*; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (citation omitted). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. ___, 139 S.

Ct. 1148, 1154 (2019) (citations and quotations omitted).   In evaluating whether substantial evidence supports the Commissioner's decision, the Court may not decide the facts anew, make credibility determinations, or re-weigh the evidence.  *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 860 (11th Cir. 2019) (per curiam) (quoting *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)).  "[W]hile the court reviews the Commissioner's decision with deference to [his] factual findings, no such deference is given to [his] legal conclusions."  *Keel-Desensi v. Berryhill*, 2019 WL 1417326, at \*2 (M.D. Fla. Mar. 29, 2019) (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)).

### III.

The basis for the Plaintiff's appeal is that the ALJ failed to fully and adequately evaluate his back pain and other nonexertional complaints, including fatigue, lack of sleep, headaches, and stomach pain, all of which he posits could affect his ability to concentrate and to perform the mental demands of work.  (Doc. 21 at 8–10).  The Commissioner counters that the ALJ thoroughly considered the pertinent evidence in determining the Plaintiff's RFC, and that the ALJ's decision is supported by substantial evidence.  *Id.* at 10–16.  After a thorough review of the record and the parties' submissions, the Court finds no reason for reversal.

As noted above, part of the ALJ's task at step four of the sequential evaluation process is to determine a claimant's RFC.  *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545.  To do so, an ALJ must decide from all the relevant evidence of record what

a claimant can do in a work setting notwithstanding any physical or mental limitations caused by the claimant's impairments and related symptoms. *Id.* at § 404.1545(a)(1). In conducting this analysis, the ALJ must consider any medical opinions of record, all of the claimant's medically determinable impairments (both severe and non-severe), the total limiting effects of each impairment, and the claimant's subjective complaints of pain and/or other symptoms. *Id.* at §§ 404.1520(e), 404.1545(a); *see Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (stating that the "ALJ must consider the applicant's entire medical condition").

The evaluation of a claimant's subjective complaints is governed by the "pain standard." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam). Under this standard, the claimant must show "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from the condition or (3) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain." *Id.* (quoting *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)).

Where a claimant satisfies the pain standard, the ALJ must then assess the intensity and persistence of the claimant's symptoms to determine how they restrict the claimant's capacity to work. 20 C.F.R. §§ 404.1529(c), 416.929(c); *see also* Soc. Sec. Ruling (SSR) 16-3p, 2017 WL 5180304 (Oct. 25, 2017) (applicable as of Mar. 28, 2016). The considerations relevant to this assessment include the objective medical evidence; factors that precipitate or aggravate the claimant's symptoms; medications

and treatments available to alleviate those symptoms; the type, dosage, effectiveness, and side effects of such medications and treatments; how the symptoms affect the claimant's daily activities; and the claimant's past work history. *Id.* A claimant's testimony regarding pain or other subjective symptoms buttressed by medical evidence in the record that satisfies the pain standard is itself sufficient to support a finding of disability. *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991) (citations omitted).

"After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed [on appeal] for substantial evidence." *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (citing *Wilson v. Heckler*, 734 F.2d 513, 517 (11th Cir. 1984)). If the ALJ elects to discount the claimant's subjective testimony, he must "articulate explicit and adequate reasons" for doing so. *Dyer*, 395 F.3d at 1210 (quotation and citation omitted). An ALJ, however, "need not cite particular phrases or formulations" in performing this evaluation, so long as the reviewing court can be satisfied that he "considered [the claimant's] medical condition as a whole." *Id.* at 1210 (quoting *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)) (internal quotation marks omitted). A reviewing court will not disturb a clearly articulated credibility finding that is supported by substantial evidence. *Foote*, 67 F.3d at 1562 (citation omitted).

Here, in arriving at his RFC assessment, the ALJ acknowledged the Eleventh Circuit's pain standard and noted his duty to evaluate "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with" the evidence in

the record. (R. 37–38). The ALJ then discussed the Plaintiff's assertion that he is primarily disabled due to back pain, summarized the Plaintiff's hearing testimony, and rendered an express credibility determination. (R. 38). Specifically, the ALJ stated:

> After careful consideration of the evidence . . . the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of [his] symptoms [were] not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

*Id.*

Contrary to the Plaintiff's urging, the ALJ's decision sufficiently addressed his subjective allegations of disabling back pain and other nonexertional complaints. Indeed, with respect to the former, nearly the entirety of the ALJ's step-four discussion is devoted to the Plaintiff's back problems, and the ALJ more than adequately explained in his decision why the objective evidence did not support the Plaintiff's claims that he is as limited as he alleges. *See* (R. 38–40). Notably, the Plaintiff does not take issue with the ALJ's assessment of the medical evidence, which the ALJ found undermined the Plaintiff's averments.

Instead, pointing to several instances in the record where he claimed he suffered from back pain (Doc. 21 at 9), the Plaintiff appears to suggest that the ALJ should have evaluated each of these complaints individually. "[T]here is no rigid requirement[, however,] that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision" enables the Court "to conclude that [the ALJ] considered

[the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211 (quotation

omitted and third alteration in original); *see also Newberry v. Comm'r, Soc. Sec. Admin.*,

572 F. App'x 671, 672 (11th Cir. 2014) (per curiam).  A fair reading of the ALJ's

decision is that he clearly assessed the Plaintiff's allegations of back pain in the context

of his evaluation of the Plaintiff's medical condition as a whole and determined that

those allegations were only "partially consistent" with the medical record.  (R. 39).

The reasons and evidence buttressing this finding, specifically articulated by the ALJ,

were sufficient, and the Plaintiff fails to demonstrate otherwise.  *See Sims v. Comm'r of*

*Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017) (per curiam) ("Under a substantial

evidence standard of review, [the claimant] must do more than point to evidence in

the record that supports her position; she must show the absence of substantial

evidence supporting the ALJ's conclusion.  [The claimant here] failed to carry her

burden.  Because there is medical evidence to support the ALJ's conclusion that [the

claimant] could perform light work, there is substantial evidence to support the ALJ's

credibility determination.") (internal citations omitted).

The Plaintiff's contention that the ALJ's assessment of his other symptoms

warrants remand fares no better.  Beginning with the Plaintiff's complaints of stomach

pain, the ALJ addressed that issue at step two of the sequential evaluation process

stating, "Although the claimant testified to stomach pain with the use of his various

medications, this is not documented in the record."  (R. 34).  The Plaintiff fails to point

to any evidence to the contrary in his memorandum.  Nor does he meaningfully argue

that his alleged stomach pain resulted in any functional limitations not accounted for by the ALJ.

The ALJ likewise addressed the Plaintiff's allegations of headaches and accounted for such in his RFC finding.  Indeed, he determined that, "[t]o avoid exacerbation of the claimant's pain symptoms, including headaches that could reasonably result from the claimant's pain and medication use, the claimant must avoid concentrated exposure to wetness." (R. 40).  Again, the Plaintiff fails to show any basis to conclude that his headaches caused any additional functional restrictions beyond those found by the ALJ.

The same can be said of the Plaintiff's averments regarding his fatigue and lack of sleep.  While the Plaintiff did testify about these matters at the hearing (R. 63), he did not assert that these problems interfered with his ability to work or resulted in any specific impact on his mental capacity.  His unsupported and vague assertions on appeal that the ALJ erred in not explicitly addressing these subjective complaints provide no reason to reverse the ALJ's decision.

Finally, the Court is not persuaded by the Plaintiff's argument that his pain, lack of sleep, and/or fatigue could reasonably be expected to affect his concentration.  This assertion rests on speculation and does not constitute grounds for reversal.

In sum, nothing in the Plaintiff's brief, nor in the Court's independent review of the record, leads to the conclusion that the ALJ's findings as to the Plaintiff's subjective complaints are not supported by substantial evidence or are otherwise in error.  *See*

*Davis v. Astrue*, 346 F. App'x 439, 441 (11th Cir. 2009) (per curiam); *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011) (per curiam) ("The question is not . . . whether [the] ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it.").  Thus, the Court finds no cause to remand this case for additional proceedings.

IV.

For the foregoing reasons, it is hereby ORDERED:

1.     The Commissioner's decision is affirmed.

2.     The Clerk is directed to enter Judgment in the Defendant's favor and to close the case.

DONE and ORDERED in Tampa, Florida, this 15th day of January 2021.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record